IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JASON PAUL COMBEE, § | | |
| Petitioner, § | | |
| § | | |
| V. § | Civil Action No. 1:15-CV-151-O | |
| § | | |
| GENE BEASLEY, Warden § | | |
| FCI-Forest City, § | | |
| Respondent. § | | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Jason Paul Combee, a federal prisoner who was confined at the FCI-Big Spring in Big Spring, Texas, at the time petition was filed.[1] In addition to a form § 2241 petition, the Court has a response from the Respondent with an Appendix. Pet., ECF No. 1; Response, ECF No.7; Response Appendix (App.), ECF No. 8. After considering the pleadings and relief sought by Petitioner, and the applicable law, the Court has concluded that the § 2241 petition must be dismissed for lack of jurisdiction.

**I. BACKGROUND**

---

[1] The Bureau of Prisons website shows that Jason Paul Combee is now incarcerated at the Federal Correctional Institution (FCI) Forest City, in Forest City Arkansas. *See* www.bop.gov search of Jason Paul Combee, No. 54286-018, last visited May 9, 2017. At the time he filed the petition, he was incarcerated at the Federal Correctional Institution (FCI) Big Spring in Big Spring, Texas. In habeas corpus cases, the warden, as immediate custodian, is the only proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004). A transfer of a habeas corpus petitioner to incarceration in another district after the petition is filed ordinarily does not divest the court in which the petition was filed of jurisdiction. *Lee v. Wetzel*, 244 F.3d 370,375 n.5 (5th Cir. 2001). Jurisdiction attaches on the initial filing and "was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert,* 751 F.3d 288, 290 (5th Cir. 2014). At the time Combee filed this § 2241 petition, therefore, he correctly named Myron L. Batts, then Warden of FCI-Big Spring, as Respondent. The correct Respondent now, however, is Gene Beasley, Complex Warden at FCI-Forest City, and Combee's current custodian. The Clerk of Court should update the Respondent on the docket of this case.

Petitioner Jason Paul Combee was convicted in the United States District Court for the Middle District of Florida in cause number 8:11-CR-77-T-27 MAP, of distribution of five or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), for which he received a sentence of imprisonment of 140 months. App. at 3-4.[2] By the filing of a motion under 28 U.S.C. § 2255 in the convicting/sentencing court, Combee challenged his sentence as a career offender under U.S.S.G. § 4B1.1, as unconstitutional in light of *Johnson v. United States,* 135 S. Ct. 2551 (2015).[3] The court rejected Combee's § 2255 motion:

> Petitioner implicitly argues that because the residual clause in the Sentencing Guidelines is virtually identical to the one in the ACCA, the Guidelines residual clause is likewise unconstitutional. This argument has been rejected by the Eleventh Circuit in *Matchett*, which "held that the vagueness principle announced in *Johnson* does not apply to the career offender provisions of the Sentencing Guidelines[.]" *Jones v. United States*, 2016 U.S. App. LEXIS 6224, at *1 (11th Cir. April 5, 2016) (unpublished) (citing *Matchett*). Therefore, the "holding in *Matchett* squarely forecloses [Petitioner's] argument that the residual clause of U.S.S.G. § 4B1.2 is unconstitutionally vague." *United States v. Brown*, 627 Fed. Appx. 912, 913 (11th Cir. 2015) (unpublished).
>
> Moreover, even if *Johnson* applied to the Guidelines, Petitioner's career offender enhancement would remain valid because he has a prior conviction for a controlled substance offense (trafficking in amphetamines), and a prior conviction for a crime of violence (resisting a law enforcement officer with violence) (PSR, p. 12, ¶ 42). *See In re Davis*, 2016 U.S. App. LEXIS 13346, at *11 (11th Cir. July 21, 2016) (unpublished) ("we have held, since *Johnson*, that [] a [Florida] conviction [for resisting an officer with violence] categorically qualifies as a violent felony for ACCA purposes, meaning that it would likewise qualify as a crime of violence for career offender purposes.") (citing *United States v. Hill*, 799 F.3d 1318, 1322-23 (11th Cir. 2015)).

*Combee v. United States,* No.8:15-CV-1780-T-27MAP (No.8-C11-CR-77-T-27MAP) (M.D. Fla.

---

[2] The Court will cite to the ECF page numbers as assigned to the imaged copy of the Appendix on the Court's docket.

[3] The Court takes judicial notice of the records of the § 2255 proceedings in *Combee v. United States,* No.8:15-CV-1780-T-27MAP (No.8-C11-CR-77-T-27MAP) (M.D. Fla. July 27, 2016).

July 27, 2016).

## II. ANALYSIS

In this petition under § 2241, Jason Paul Combee asserts that, under *Johnson v. United States,* 135 S. Ct. 2551 (2015) he "no longer qualifies as a career offender" and should be re-sentenced. Pet. at 5,7. A motion under § 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam ) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir.2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir.2001)). The so-called "savings clause" provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2555(e) (West Supp. 2016). Under this "savings clause", the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir.2005) (per curiam ).

Petitioner fails to show that the § 2255 remedy is either inadequate or ineffective to the test the legality of his detention. Petitioner cannot rely on § 2241 merely because he cannot seek relief under section 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000) (citing *Tolliver*, 211 F.3d

3

at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness do not render § 2255 remedy inadequate or ineffective). Moreover, the United States Court of Appeals for the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher,* 342 F.3d at 382 (citing *Reyes-Requena,* 243 F.3d at 904 and *Jeffers,* 253 F.3d at 830).

In this case, Petitioner Combee has not made these showings. First, Petitioner cannot demonstrate that he was convicted of a nonexistent offense. His petition in this case is limited to challenging the sentence that he received—namely the career offender enhancement. Pet. at 5, 7. Second, Petitioner does not seek to establish that he is actually innocent of the charges against him. *Id.* Indeed, because Petitioner challenges only his sentence, and not his conviction, his claim under *Johnson v. United States* does not fall within the savings clause of section 2255(e). *See In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241") (citations omitted); *Padilla*, 416 F.3d at 427 (contrasting claims challenging a sentence from those challenging a conviction); *see also Ross v. Thomas*, No. 0:15–3040-HMH-PJG, 2015 WL 7352579, at *2–3 (D.S.C. Oct. 26, 2015), *rep. and rec. adopted*, 2015 WL 7274076 (D.S.C. Nov. 16, 2015) (dismissing § 2241 habeas petition because the petitioner could not satisfy the savings clause where "*Johnson* did not decriminalize the conduct for which Petitioner was convicted"); *see generally Robertson v. United States,* 234 F. App'x. 237, 2007 WL 2005591, at *1 (5th Cir. 2007)( a challenge to the application of the Guidelines is not a challenge to the conviction itself, and [Petitioner's] "argument that he is actually innocent of being

4

a career offender in light of *Leocal [v. Ashcroft* 543 U.S. 1 (2004)] 'is not the type of argument that courts have recognized may warrant review under § 2241'") (quoting *Kinder v. Purdy,* 222 F.3d 209, 213 (5th Cir. 2000)).

Accordingly, Petitioner is not entitled to relief under § 2241 and this petition under § 2241 must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (noting that since petitioner could not satisfy the § 2255 savings clause, district court's order denying petition was vacated, and case remanded with instructions to dismiss for lack of jurisdiction).

### III. ORDER

For the reasons discussed herein, it is therefore **ORDERED** that Petitioner Jason Paul Combee's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **10th day** of **May, 2017.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**